UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>William Alvear, M.D.,<br><br>　　　　　Defendant | Case No. 2:20-cr-00229-CDS-VCF<br><br>**Order Denying Motion for Reconsideration**<br><br>[ECF No. 161] |

　　　　In April of 2023, I granted the government's motion in limine to exclude the proposed defense expert witness Kimberly Hoffman, PharmD, Aph, BCPP, BCGP. ECF No. 150. I stated that Dr. Hoffman's proposed testimony regarding the dosage levels prescribed by Alvear and her lack of concern regarding those levels was irrelevant. ECF No. 150 at 7–8. Alvear now moves for reconsideration of that order, arguing that the testimony of Hoffman may be necessary to rebut certain evidence and/or argument he believes will be introduced during the course of the trial and that I should reconsider my decision based on additional witness statements that were provided to the defense after my decision. ECF No. 161. The government opposes the motion, arguing that Alvear has failed to set forth a basis for reconsideration because (1) the arguments contained in the motion are merely repackaged from the original opposition to the government's motion to exclude, and (2) Hoffman's proposed testimony remains irrelevant and potentially misleading. ECF No. 162. Alvear replies that Hoffman's testimony is relevant to the reasons set forth in its filings, but also that her testimony will certainly be relevant once the government introduces evidence that Alvear sent his patients to Unique Care Pharmacy because they would not ask too many questions about his prescriptions. ECF No. 163 at 1. For the reasons set forth herein, I deny Alvear's motion for reconsideration.

## I.     Discussion

In sum, Alvear seeks reconsideration of my order granting the government's motion to exclude Hoffman's proposed expert testimony that "patients received "very low doses of opioids," and further that the defendant's prescribing practices "would not be cause for concern for a pharmacist dispensing [those] medications." ECF No. 150 at 7 (citing Hoffman Notice, ECF No. 138). While Alvear suggests that I precluded Hoffman's testimony entirely, ECF No. 161 at 2:7, that suggestion is incorrect. The scope of precluded testimony was set forth in my order: "Hoffman's testimony regarding low dosage levels and her lack of concern regarding those levels[.]" ECF No. 150.

Motions for reconsideration offer "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and internal quotation marks omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)). A motion to reconsider must provide a court with valid grounds for reconsideration. Valid grounds include showing some valid reason why the court should reconsider its prior decision and setting forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision. *See Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003) (citing *All Haw. Tours Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D. 645, 648–49 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)). Further, motions for reconsideration are improper if used "to ask the [c]ourt to rethink what the [c]ourt had already thought through—rightly or wrongly." *Ramsey v. Arizona*, 2006 WL 2711490, at *1 (D. Ariz. Sept. 21, 2006) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)). "Such disagreements should be dealt with in the normal appellate process." *Id.* (citing *Database*

*Am., Inc. v. Bellsouth Adver. & Pub'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993); *Refrigeration Sales Co. v. Mitchell-Jackson, Inc.*, 605 F. Supp. 6, 7 (N.D. Ill. 1983)).

Alvear does not meet this burden in seeking reconsideration of my prior order, as he fails to cite any newly discovered evidence or assert that my order constitutes clear error or is manifestly unjust. Hoffman's belief regarding the dosage practices of Alvear remains irrelevant to whether or not Alvear was prescribing for a "legitimate medical purpose . . . acting in the usual course of his professional practice," 21 C.F.R. § 1306.04(a), and if he was acting in an authorized manner or not. To the extent that Alvear feels it necessary to dispel concerns that the jury could believe that Hoffman and/or Unique Care Pharmacy are unindicted co-conspirators, they are not precluded from introducing relevant, rebuttal evidence so long as it does not violate my order set forth at ECF No. 150.

### III.   Conclusion

IT IS THEREFORE ORDERED that Alvear's motion for reconsideration **[ECF No. 161] is DENIED**.

DATED: June 5, 2023

_____
Cristina D. Silva
United States District Judge