UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>William Alvear, M.D.,<br><br>　　　　　Defendant | Case No. 2:20-cr-00229-CDS-VCF<br><br>**Order Granting Defendant's<br>Motion to Seal Exhibits**<br><br>[ECF No. 187] |

　　　Defendant William Alvear moves to seal exhibits in support of his motion in limine because they contain grand jury transcripts. ECF No. [187]. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Comm'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption [of public access to judicial records] by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Under this stringent standard, a court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1179 (internal quotation marks and citation omitted). The court must then "'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* (quoting *Foltz*, 331 F.3d at 1135) (alteration in original). There must be a "compelling reason" for sealing sufficient to outweigh the public's interest in disclosure. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1100 (9th Cir. 2016) (applying the "compelling reason" test to motions to seal documents "more than tangentially related to the merits of a case"). What constitutes a "compelling reason" is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

Here, while Alvear seeks to seal exhibits 181-1 and 181-4, which accompany his motion in limine, he fails to present, discuss, or address the compelling reasons standard. However, after reviewing the exhibits, I find that there is a compelling reason to seal them as they contain transcripts of grand jury proceedings. Moreover, this district's local rules preclude documents pertaining to grand jury proceedings from being filed electronically. *See* LR IC 1-1(c)(8). Furthermore, the Supreme Court has held that the nature of the contents and proceedings of a grand jury provide a compelling reason to maintain secrecy. *Press-Enterprise Co. v. Superior Court of California for Riverside Cnty. (Press-Enterprise II)*, 478 U.S. 1, 9 (1986). Thus, I find that grand jury secrecy substantially outweighs the public's right of access to such information.

IT IS THEREFORE ORDERED that the defendant's motion to seal exhibits **[ECF No. 187] is GRANTED**. The Clerk of Court is kindly instructed to seal ECF Nos. 181-1 and 181-4.

Counsel is reminded that future requests to seal must address the applicable standard for sealing documents as explained by *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and further to comply with the local rules when filing exhibits.

DATED:  October 25, 2023

_____
Cristina D. Silva
United States District Judge