UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff<br><br>    v.<br><br>William Alvear, M.D.,<br><br>           Defendant | Case No. 2:20-cr-00229-CDS-VCF<br><br>**Order Summarizing Rulings on the Parties Motions in Limine**<br><br>[ECF Nos. 183, 184, 191, 192] |

Defendant William Alvear, M.D., is charged with violations of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(2). In anticipation of trial, the defendants and the United States have filed motions in limine which were solved on the record during calendar call on November 7, 2023. This order provides a summary of the court's orders on the motions.[1]

I.     Background

The Government alleges that between March and May of 2020, two confidential human sources received controlled substances from Alvear. *See generally* Second Superseding Indictment, ECF No. 201. Based on those transactions, Alvear was indicted and charged with violating 21 U.S.C. § 841(a)(1) & (b)(1)(C), and (b)(2). *Id.* Alvear pleaded not guilty to each count set forth in the Second Superseding Indictment on November 3, 2023. ECF No. 214. On November 7, 2023, the parties appeared for calendar call and announced that they were ready for trial, starting on November 13, 2023. During calendar call, the court resolved pending motions in limine as set forth below.

---

[1] The transcript of the hearing serves as the formal and complete decision of the court's orders regarding these various motions. Further, nothing in my decision resolving the motions during the November 7, 2023 hearing, or set forth in this summation, disturbs my prior rulings on previous motions in limine. *See* Order, ECF No. 150.

II.  Summary of the court's orders

   A.  **Defendant's omnibus motion in limine (ECF No. 183) is granted in part and denied in part.**

Defendant Alvear moved to: (1) strike the testimony of Government's proposed expert Dr. Timothy Munzing regarding his review of certain patient files; (2) exclude testimony of Munzing's observations from watching the undercover videos; (3) exclude guidelines from the Nevada Board of Pharmacy and any testimony that he failed to comply with AB 239; and (4) exclude testimony that the defendant did not meet an objective standard of care. *See generally* ECF No. 183. The court ruled as follows:

   (1) The motion to strike testimony of Government's proposed expert Dr. Timothy Munzing regarding his review of certain patient files is denied as moot.

   (2) The motion to preclude Dr. Munzing from testifying regarding what he observed in watching the undercover videos is denied without prejudice.

   (3) The motion to exclude Nevada Board of Pharmacy Guidelines and testimony regarding compliance with AB 239 is denied in part and granted in part. The Government may not introduce the guidelines, AB 239, or the legislative history related thereto. However, testimony regarding what the standard of care is and whether it was met in this case is permitted.

   (4) The motion to exclude testimony regarding whether the defendant met an objective standard of care is denied without prejudice.

   B.  **The Government's omnibus motion in limine (ECF No. 184) is granted in part and denied in part.**

The Government moved to preclude: (1) character evidence that Dr. Alvear appropriately treated patients during visits not charged by the Government as irrelevant; and (2) testimony or argument that Dr. Alvear's distribution of Alprazolam was done for a legitimate medical purpose

or within the usual course of professional practice. *See generally* ECF No. 184. The court ruled as follows:

> (1) The motion to preclude character evidence that Dr. Alvear appropriately treated patients during visits not charged by the Government is denied without prejudice.
>
> (2) The motion to preclude testimony or argument that Dr. Alvear's distribution of Alprazolam was done for a legitimate medical purpose or within the usual course of professional practice is granted. Dr. Alvear cannot argue that he was licensed to distribute the alprazolam as alleged in the second superseding indictment. The Government is permitted to argue that because Dr. Alvear was not licensed to dispense at the time, his actions were done outside a legitimate medical purpose or outside an individual acting in the usual course of his professional practice.

**C. The Government's motion to exclude the proposed expert testimony from Dr. Robert Odell, Jr. (ECF No. 191) is granted in part and denied in part.**

The Government moved to exclude almost all proposed expert witness testimony of Dr. Robert Odell, Jr. *See generally* ECF No. 191. The motion was granted in part and denied in part as follows:

Dr. Odell is precluded from giving testimony regarding what constitutes an improper legal conclusion (i.e., explanations regarding what the different burdens of proof — preponderance of the evidence versus beyond the reasonable doubt)[2] and from giving testimony about information from which he lacks personal knowledge or knowledge he could not have obtained from review of records in preparation for trial.[3]

---

[2] To be clear, this order does not preclude Dr. Odell from testifying that there are different standards used in administrative versus criminal proceedings, assuming relevance and his personal knowledge about the different standards is established.

[3] For example, Dr. Odell cannot testify that Dr. Alvear cautioned all of his patients about overdosing unless it is clear from the records, and he cannot testify that no patient of Dr. Alvear overdosed or was harmed by Dr. Alvear's prescribing practice, unless he can testify to how he reached those conclusions, and such information was disclosed in discovery and his notices of expert testimony.

3

Dr. Odell may testify about credentialing in general, but unless Dr. Alvear disclosed his credentials to the Government that would have been in effect during the timeline set forth in the second superseding indictment, Dr. Odell is precluded from testifying about Dr. Alvear's credentials.[4]

Dr. Odell's is precluded from giving testimony regarding what COVID-19 restrictions were in place during the timeframe set forth in the second superseding indictment because that information was not disclosed to the Government. Dr. Odell is also precluded from testifying about what type of COVID-19 warnings should have been provided as those were not disclosed before trial. However, discussions regarding how COVID-19 precautions may have impacted Dr. Alvear's interactions with the CHSs (as captured on video) may be discussed.

Dr. Odell is precluded from testifying regarding irrelevant medical history of CHS-2 (treatment received from another doctor at another practice).

Dr. Odell can testify regarding what he learned about Alvear's practice and type of treatments given to patients based on his review of the medical records of Alvear's patients.

Dr. Odell can testify that he personally did not think the fees charged by Dr. Alvear were excessive, but he cannot generally opine that the fees were not excessive because there were no disclosures provided regarding how that conclusion was established.

The Government's motion to exclude Odell's testimony regarding dosing and strength is denied without prejudice.

The Government's request to preclude Dr. Odell's testimony regarding the "Holy Trinity" is denied as moot.[5]

---

[4] At calendar call, when these motions were addressed, Dr. Alvear's credentials regarding his ability to dispense alprazolam during the timeframe charged in the second superseding indictment was not provided to the court and the government advised it had not been provided to them in discovery.

[5] Dr. Alvear's attorney stated that he will not be eliciting testimony regarding the "Holy Trinity" (street name for prescribing a combination of prescribing an opioid, a benzodiazepine, and a muscle relaxant.).

**D. The Government's motion in limine to exclude the proposed expert testimony from Det. Tim Beck (ECF No. 192) is granted in part and denied in part.**

The Government's motion in limine seeks to further preclude testimony from proposed defense expert witness Det. Tim Beck. *See generally* ECF No. 192. This motion is granted in part and denied in part as follows:

Det. Beck can testify, based on his training and experience with LVMPD and DEA, the handling of confidential informants. His opinions, assuming a proper foundation is laid, can be based on his training and experience. His conclusions and anything he relied on in reaching those conclusions must have been disclosed prior to trial.

Det. Beck is permitted to testify regarding a "signal" that was captured on an undercover video that Beck believes was made by a CHS.

Det. Beck is not permitted to testify regarding his conclusion of whether Dr. Alvear was entrapped.

Det. Beck is not permitted to testify regarding his conclusion that Dr. Alvear did not behave as a typical pill mill doctor.

Det. Beck cannot testify or opine regarding the character or credibility of the witnesses in this case.

### III. Conclusion

IT IS THEREFORE ORDERED that Dr. Alvear's omnibus motion in limine [ECF No. 183] **is granted in part and denied in part**.

IT IS FURTHER ORDERED that the Government's motion in limine [ECF No. 184] is **granted in part and in part**.

IT IS FURTHER ORDERED that the Government's motion to exclude the testimony of Dr. Odell [ECF No. 191] is granted in part and denied in part.

IT IS FURTHER ORDERED that the Government's motion to exclude the testimony of Det. Tim Beck **[ECF No. 192] is granted in part and denied in part**.

DATED: November 13, 2023

_____
Cristina D. Silva
United States District Judge